[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by writ, summons, and complaint made returnable to this court on June 6, 1995. The plaintiff husband seeks a dissolution of his marriage to the defendant wife on grounds of irretrievable breakdown. On June 2, 1995, the defendant appeared through counsel and on June 5, 1995 filed an answer and cross complaint admitting the allegations in the plaintiffs complaint and seeking a dissolution of the marriage on grounds of irretrievable breakdown. Additionally the defendant seeks alimony, an equitable distribution of the property and assets of the parties and other relief The matter was claimed to the limited contested list and on August 28, 1997 the matter was tried to the court.
The court finds the following relevant facts. The parties were married on December 6, 1986 at Newington, Connecticut. The parties have both resided continuously in the state of Connecticut for at least twelve months next preceding the filing of the complaint in this action. The parties have no minor children of this marriage and no minor children have been born to CT Page 9162 the defendant since the date of the marriage. Neither the state of Connecticut nor any of its towns or municipalities have contributed to the support or maintenance of the parties. The plaintiff had three children from a previous marriage which ended in divorce and has maintained custody of those children since prior to the date of this marriage. At the time the parties were married the plaintiff was living at 24 Wood Trail, Coventry, Connecticut with his three children ages 8, 7, and 4. The plaintiff is presently employed as a salesman for the Standard Register and earns a net weekly wage of $514. per week after deduction for taxes and for contributions to his pension and 401K savings plan. His employment is stable. He is presently supporting his daughter who is 14 and his two sons eve n though they have reached the age of majority. The plaintiff, who has a high school education, is in good health.
The defendant, who has her high school equivalency degree, was twenty three years old when she married the plaintiff. She was not employed at the time of their marriage but throughout the course of the marriage held various jobs including positions as a school bus driver, a teacher's aide, and a custodian for the town of Coventry. Presently she is employed as a custodian for the Coventry Board of Education earning a net weekly wage of $322. per week. She also is in good health.
During the course of this marriage the defendant attempted to raise the plaintiff's three children as though they were hers. This very difficult task was made even more difficult by the lack of support extended by the plaintiff to the defendant. In short, when a dispute between the children and defendant arose, the plaintiff supported the children thus undermining the defendant's position in the family. This lack of support was further complicated by the antagonism shown by the plaintiffs extended family to the defendant. The court, however, will not assess fault in this situation. While the plaintiff could have been more adept at recognizing that he was undermining the authority of the person who was the primary care giver, this situation would have been difficult even under the best of circumstances.
The parties are in agreement with regard to the valuation of the marital assets and the court accepts those values. Additionally the parties agreed to the value of the marital residence as of the of marriage. As to the liabilities, the parties agreed that on the date of the marriage the property at 24 Wood Trail, Coventry was encumbered by a first mortgage in the CT Page 9163 amount of $42,000. thus resulting in net equity of $23,000. As of the date of trial the first mortgage has been reduced to $37,000. resulting in equity in the amount of $65,000. Additionally the parties agreed that the plaintiff's pension had a value as of the date of marriage of $4700. and has a present day value or $11,400.
The financial issue between the parties involves the second mortgage that present encumbers the marital residence in the amount of $49,000. This mortgage reduces the available equity in the residence to $16,000. The plaintiff contends that this mortgage was for marital obligations while the defendant claims that the funds from this loan were used to repay debts that the plaintiff should be held solely responsible. Further the defendant claims, and the court so finds, that the plaintiff obtained this loan after the commencement of these proceedings and after a lis pendens had been filed on the land records of the town of Coventry. This loan was obtained without the consent or knowledge of the defendant.
Defendant's Exhibit O itemizes the disbursements and use of proceeds at the loan closing on this second mortgage transaction. It shows that $41,089.83 was disbursed at closing to various creditors and for closing costs. The plaintiff was unable to explain how he utilized the balance of the proceeds which amounted to approximately $8,000. The court finds that the defendant has adequately demonstrated that the plaintiff should be held solely responsible for $26,000. of the $49,000. second mortgage obligation and that the balance of the obligation, $23,000., was used to pay for joint living expenses.
The encumbering of the residence at 24 Wood Trail by the plaintiff has effectively denied the defendant any immediate distribution of her share of the marital assets. In fashioning its orders the court recognizes the difficult financial position of the parties. However the court also recognizes that the plaintiff has brought some of this difficulty on himself as he entirely controlled the finances of the family up until the date of the first separation of the parties. Also the court notes that the plaintiff is presently absorbing the living expenses of his two sons who have reached the age of majority and who are able to contribute to their own support.
The defendant also seeks an award of attorney fees in this matter in the amount of $3,000. which amount the court finds as a CT Page 9164 reasonable fee for this matter. However, based upon the factors set forth in Gen. Stat. § 46b-82 and the respective abilities of the parties to pay, the court will assess fees in the amount of $1,000. against the plaintiff.
After taking into consideration all of the factors set forth in Gen. Stat. § 46b-81 and § 46b-82 and giving due consideration to the plaintiffs pre-marital estate, the court enters the following orders:
 1. A decree is entered dissolving the marriage on grounds of irretrievable breakdown all of the allegations of the complaint and cross-complaint having been proven.
 2. The plaintiff and the defendant shall each be solely responsible for the obligations shown on their financial statements or that are solely in their own name and each shall hold me other harmless from any liability on these obligations.
 3. The plaintiff's pension plan and incentive savings plan shall be his free and clear of any claims by the defendant. The plaintiff shall be solely responsible for any loans against those plans.
 4. The defendant's pension plan shall be hers free and clear of any claims by the plaintiff.
 5. Commencing sixty days from the date of this decision, the plaintiff shall pay to the defendant as lump sum alimony the amount of $33,750. This amount shall be paid at the rate of $450. per month for 75 months and shall be non-modifiable as to amount or duration. Said obligation shall be secured by a second mortgage on the residence at 24 Wood Trail, Coventry, Connecticut and by an immediate wage execution. Said alimony shall not terminate upon the remarriage or cohabitation of the defendant. If the plaintiff is unable to obtain a subordination agreement from the present second mortgagee then the defendant may record the judgement in the land records of the Town of Coventry in this matter referring back to the lis pendens previously recorded. The balance of any unpaid portion of this lump sum alimony award shall become due and payable upon the sale or other disposition of the property known as 24 Wood Trail, Coventry, Connecticut.
CT Page 9165
 6. As long as there is any balance due on the lump sum alimony award, the plaintiff shall maintain life insurance in the face amount of $50,000. or the in the amount of the outstanding lump sum alimony obligation set forth in Order 5, whichever is less. The plaintiff shall name the defendant irrevocable beneficiary of said policy for so long as any obligation under Order 5 remains outstanding.
 7. Each party shall retain all personal property, real property, or intangible property currently in their name or possession free and clear of any claims by the other.
 8. The plaintiff shall pay a portion of the defendant's counsel fees in an amount of $1000. This amount shall be payable within 30 days of the date of this decision.
 9. Plaintiff's counsel shall prepare and both counsel shall sign and submit to the court a judgement file in accordance with this opinion within 30 days of the date of this opinion.
Zarella, J.